IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Think Green Limited d/b/a Haakaa,<br><br>                                 Plaintiff,<br><br>                              v.<br><br>Medela AG and Medela LLC,<br><br>                                Defendants. | CASE No. 1:21-CV-05445<br><br>**Hon. Thomas M. Durkin**<br><br>**Mag. Judge Heather K. McShain** |

## JOINT STATUS REPORT ON DISCOVERY

      Per ECF#92, the parties have conferred and respectfully present this Joint Status Report on Discovery.

**Plaintiff's Position**:

      Think Green has weighed its options in view of the preliminary injunction denial and has determined it will seek USPTO post-grant review of the patent-in-suit. This is deemed prudent in view of statements of the Court that, although nonfinal in a preliminary injunction context, now place a cloud over patent validity. Think Green respectfully disagrees that the evidentiary record suggests patent invalidity, but would place the relevant record before the USPTO for their determination whether to cancel the patent-in-suit. It is therefore premature to enter a discovery schedule. Think Green proposes instead that the Court set a briefing schedule on a motion to stay the litigation pending USPTO reexamination proceedings, to be filed within one week of Think Green submitting its USPTO request. Think Green anticipates filing its USPTO request by the end of January 2022, and will work to have it filed even earlier.

Think Green has not had a sufficient opportunity to refute each of Medela's points in writing, but believes it would be most efficiently to do so in a brief status call or in the context of Think Green's proposed briefing on the motion to stay.

**Defendants' Position**:

Defendant Medela opposes a complete stay of the present litigation in order to permit Think Green to seek an *ex parte* reexamination of its design patent in the United States Patent Office. First, such a reexamination will not address the design patent infringement issues or issues relating to Plaintiff's claims of trade dress infringement which, in light of the extensive discovery taken to date and the evidentiary record developed at the recent preliminary injunction hearing, are ripe for summary determination by this Court. The issues relating to infringement of the design patent and trade dress infringement will remain for resolution by this Court.

Second, even if Plaintiff is successful in its contemplated *ex parte* reexamination before the Patent Office, this proceeding will also fail to fully resolve the invalidity issues concerning the design patent. Compelling evidence was adduced during the recent preliminary injunction hearing that the Model BP10 silicone breastmilk collector was on sale more than one year prior to the earliest priority date to which Plaintiff's design patent could claim priority. A physical sample of the BP10 was introduced into evidence as DX-173 and authenticated via testimony offered by Ms. Ivy Xu. The *ex parte* reexamination proceeding contemplated by Plaintiff will not (indeed, it cannot) address questions of invalidity that arise as a result of prior art *sales* of the BP10. By law, *ex parte* reexamination proceedings are limited solely to prior art *patents and printed publications*. *See* 35 U.S.C. §§ 301, 302; s*ee also* MPEP 2217. As a result, not only will the Patent Office not have before it the most compelling evidence concerning the invalidity of Plaintiff's design patent, but whatever the outcome of that proceeding, it will remain for this Court to resolve the patent's

validity or invalidity with respect to evidence of sales of this prior art device—matters that the Patent Office is unable to address. Not only can these invalidity issues only be addressed in this Court, but Medela believes that these issues are best addressed here in circumstances in which Medela is permitted to participate fully in the presentation of such evidence. Plaintiff's proposal to present *ex parte* arguments regarding the validity of its design patent, in a forum from which Medela is excluded, is hardly designed to achieve a full and adequate airing of these issues.

Medela believes that the issues of patent infringement and trade dress infringement are currently ripe for dispositive motions. The construction of the design patent claim is a question of law for this Court. *See*, *e.g.*, *Weber-Stephen Prods. LLC v. Sears Holdings Corp.*, No. 13-CV-1686, 2014 WL 5333364 at *9 (N.D. Ill. Oct. 20, 2014) ("Claim construction asks a court to determine, from the perspective of a person of ordinary skill, what precisely a patent has put the public on notice of—that is, how the claimed language or, in this case, drawings framed 'the scope of the patentee's right to exclude.'") (citing *Markman v. Westview Instruments*, 52 F.3d 967, 978-79 (Fed. Cir. 1995) (*en banc*)). Properly construed, the design patent claims an opaque object. No jury could reasonably find that the accused transparent silicone breastmilk collectors are the "same" as the patented design under the standard applicable to design patent infringement. Similarly, as this Court observed during the recent preliminary injunction hearing, Plaintiff's current commercial product upon which it has premised its trade dress infringement claims and other claims that depend upon a finding of confusion—*i.e.* Version 2 of its Generation 2 Haakaa pump—is readily distinguishable from Medela's accused product. Again, no jury could reasonably find that the accused products would likely be confused with Plaintiff's current Generation 2, Version 2, pump.

Medela requests leave to move for summary judgement on the grounds outlined above. Medela further requests that it be permitted to file a combined memorandum in support of that motion not to exceed thirty-five (35) pages.

To the extent that this Court is inclined to entertain Plaintiff's proposal to stay the current litigation, Medela would request that any such stay otherwise permit it to proceed with the dispositive motion discussed above and with its request to recover damages for the wrongful entry of the temporary restraining order, to which reference was made at the conclusion of the preliminary injunction hearing on December 7, 2021.

Dated: December 28, 2021                    Respectfully submitted,

*/s/Robert P. Greenspoon*
Robert P. Greenspoon
Michael R. La Porte
333 N. Michigan Avenue, Suite 2700
Chicago, IL 60601
T: 312-551-9500
F: 312-551-9501

Thomas Dunlap (*pro hac vice*)
211 Church St. SE
Leesburg, VA 20175
T: 703-777-3656
F: 703-777-7319

Sarah Kessler (*pro hac vice*)
1870 The Exchange SE #200
Atlanta, GA 30339
T: 404-692-5953
F: 703-777-3656

*Attorneys for Plaintiff,*
*Think Green Limited d/b/a Haakaa*

/s/ *Thomas L. Duston*
Jeremy R. Kriegel
Thomas L. Duston

Michael R. Weiner
Katherine Nuehring Su
John Lucas
MARSHALL, GERSTEIN & BORUN LLP
233 S. Wacker Dr., Suite 6300
Chicago, IL 60606
T: 312.474.6300
F: 312.474.0448
E: jkriegel@marshallip.com
E: tduston@marshallip.com
E: mweiner@marshallip.com
E: knuehringsu@marshallip.com
E: jlucas@marshallip.com

*Counsel for Defendants Medela AG and Medela LLC*