## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Think Green Limited d/b/a Haakaa, | **CASE No. 1:21-CV-05445** |
| Plaintiff, | **Hon. Thomas M. Durkin** |
| v. | **Mag. Judge Heather K. McShain** |
| Medela AG and Medela LLC, | |
| Defendants. | |

### JOINT STATUS REPORT

Per ECF#102, the parties have met and conferred as requested by the Court, and respectfully present this joint statement with diverging views on the proper discovery plan for this case.

### I.    PLAINTIFF'S STATEMENT AND PROPOSED CALENDAR

Think Green Limited d/b/a Haakaa initiated this action on October 13, 2021 with a five count complaint alleging design patent infringement, trade dress infringement under the Lanham Act, false advertising / unfair competition under the Lanham Act, unjust enrichment and state statutory deceptive trade practices. After a TRO on just the design patent and trade dress counts, this Court allowed expedited discovery leading to a preliminary injunction hearing. Discovery did not commence for the other counts (III through V), although some overlap certainly has occurred. The discovery that did take place was expedited, including through abbreviated depositions and without formal ESI discovery having occurred.

Issues that remain for discovery include, among others:

- Matters relevant to Counts III through V not otherwise discovered (*e.g.*, facts related to boasts about "research" for a product that actually involved sourcing from China with

knowledge that Haakaa had originated the category, facts related to boasts about "anti-spill" capabilities as a product differentiator);

- Design schematics for Medela accused products;

- ESI relating to emails (aside from a limited production Medela made, not the result of negotiated- keyword searching);

- ESI relating to communication platforms controlled by Medela such as Teams or Slack (aside from a limited production Medela made related to specific meetings in targeted document requests from Haakaa);

- Mr. Faltum's original survey raw data from pre-launch; and

- Expert surveys, and fact materials that might be relevant to expert surveys.

Finally, Haakaa "does not know what it does not know," and this attempt to list categories is accordingly limited. In short, Haakaa did not serve a usual full suite of discovery requests even for Counts I and II (design patent, trade dress), so that task remains to be done.

Haakaa heeded the Court's admonition after the TRO *not* to request full discovery in advance of the preliminary injunction hearing. This was a practical reality because the more Haakaa sought, the less it might get in time (mirroring the Court's sentiment). Preliminary injunction discovery was thus limited and accelerated.

In addition, Haakaa's upcoming request for supplemental examination of its design patent at the USPTO, while not having justified a stay in the Court's eyes, remains a potential source of fact discovery as it progresses through the USPTO.

Finally, Medela recently amended its own pleading to add tort counterclaims, including defamation based on certain Instagram posts. Presumably, Medela intends to take discovery on these new claims, and Haakaa will need to do so as well.

Having met and conferred with Medela, Think Green on January 10, 2022 proposed the following case calendar to accommodate these concerns. As of the initial drafting of this report section (January 18, 2022), Medela has not counterproposed any calendar. The first dates (rows 2-3) were proposed at a time when it was believed Medela might agree, and therefore this chart indicates proposed replacement dates that slightly shift those rows.

| Due Date | Description | Notes | Party |
|---|---|---|---|
| 1/4/2022 | Answer to Counterclaims Filed | | Think Green |
| 1/25/22 (initially proposed as 1/18/2022) | Initial Disclosures under 26(a)(1), and submission of Scheduling Order to Court | | All parties |
| 1/25/22 (initially proposed as 1/18/2022) | Fact Discovery Opens | | All parties |
| 2/1/2022 | Initial Infringement Contentions, and liability contentions on non-patent / non-trade dress claims | | All parties |
| 2/15/2022 | Initial Non-Infringement, Unenforceability, and Invalidity Contentions | | Medela |
| 3/1/2022 | Initial Response to Non-Infringement and Invalidity Contentions | | Think Green |
| 6/28/2022 | Final Infringement Contentions | | Think Green |
| 6/28/2022 | Final Unenforceability and Invalidity Contentions | | Medela |
| 7/26/2022 | Final Non-Infringement Contentions | | Medela |
| 7/26/2022 | Final Enforceability and Validity Contentions | | Think Green |
| 7/26/2022 | Last day to file Motion to Stay pending reexamination by the USPTO | | All parties |

| Due Date | Description | Notes | Party |
|---|---|---|---|
| 8/9/2022 | Exchange of Proposed Claim Constructions | | All parties |
| 9/6/2022 | Fact Discovery Closes | | All parties |
| 9/13/2022 | Opening Claim Construction Brief | | Medela |
| 9/13/2022 | Joint Appendix | | All parties |
| 10/11/2022 | Responsive Claim Construction Brief | | Think Green |
| 10/25/2022 | Reply Claim Construction Brief | | Medela |
| 11/1/2022 | Joint Claim Construction Chart + Status Report | | All parties |
| 11/29/2022 | Claim Construction Hearing | | All parties |
| 28 days after claim construction ruling or close of discovery (whichever is later) | Initial Expert Witness Disclosure including witness reports (for issues other than claim construction) | | All parties |
| 42 days after claim construction ruling | Additional (post claim construction) fact discovery closes | | All parties |
| 28 days after initial expert reports | Rebuttal Expert Witness Disclosures | | All parties |
| 28 days after rebuttal expert reports | Depositions of Experts must be completed | | All parties |
| 28 days after expert depositions | Final Day to File Dispositive Motions | | All parties |

The proposal above uses the Local Patent Rules as a starting point for date selections. Though the Local Patent Rules do not expressly apply to design patent cases, here, substantial claim construction issues exist that justify consulting its timeline.

For example, this Court preliminarily believed opacity of a breast pump is a claim limitation in the patent-in-suit. The Court's initial claim construction beliefs may benefit from full deliberation in future proceedings. For example, while the MPEP sets out requirements for claiming transparency (if desired), it does not set out requirements for claiming opacity. The courts therefore hold that opacity in a design patent drawing is not a claim limitation. *Apple v. Samsung*, 2012 U.S. Dist. LEXIS 105125, at *21-26 (N.D. Cal. July 27, 2012) (discussing MPEP 1503.02); *see also Lifted Ltd., LLC v. Novelty Inc.*, 2020 U.S. Dist. LEXIS 92102, at *19-20 (D. Colo. May 27, 2020) (same, citing *Apple* to conclude patent does not claim or disclaim smooth surface); *Water Tech., LLC v. Kokido Dev. Ltd.*, U.S. Dist. LEXIS 42420, at *43-45 (E.D. Mo. Mar. 15, 2019) (same, citing *Apple* to conclude opacity is not a claim limitation); *cf. Hutzler Mfg. Co. v. Bradshaw Int'l, Inc.*, 2012 U.S. Dist. LEXIS 103864, at *45 n.4 (S.D.N.Y. July 24, 2012) (assuming "arguendo" that opacity was a claim limitation despite "not clear" case law at that time, but finding substantial similarity for infringement purposes anyway). It is hornbook law that a design patent is "not limited to a particular size, color or construction material," and therefore such factors are not taken into account during an infringement analysis. *Junker v. Med. Components, Inc.*, 2021 U.S. Dist. LEXIS 7694, at *37-38 (E.D. Pa. Jan. 14, 2021) (citing cases). The Court will therefore need to decide whether case law supports treating opacity as a claim limitation in the context of the patent-in-suit. Under Haakaa's schedule, this would occur at a more deliberate pace than was possible during preliminary injunction proceedings.

For the foregoing reasons, Haakaa has substantial concern that early dispositive motions addressing only 40% of the case, before the completion of full fact discovery as apparently contemplated by Medela, would put Haakaa in the position of needing additional discovery to respond. Haakaa's proposal (but not Medela's) would avoid the need for Rule 56(d) motions or affidavits. In addition, Medela's general assumption is not correct, that the Court has already ruled dispositively on several factual and legal issues. A preliminary injunction ruling is by its nature interlocutory, preliminary and occurs on an incomplete record. Medela is commended for suggesting potential judicial efficiencies, but they simply will not materialize under its proposal. Medela is not correct that (1) a ruling in its favor on summary judgment is preordained either under limited or full discovery, or (2) that Haakaa's Counts III through V as pleaded will stand or fall under a Counts I or II summary judgment decision.

Now that the initial stage of this case is over, what remains is a normal federal litigation that should proceed as usual, with a reasonable discovery calendar that is fair to both sides.

## II.      DEFENDANTS' STATEMENT AND PROPOSED CALENDAR

On January 4, 2022, the parties appeared before the Court discuss their competing proposals with respect to the resolution of this matter and scheduling.  Plaintiff, Think Green, proposed staying this litigation indefinitely, in favor of its announced intention to seek *ex parte* supplemental examination of its design patent before the U.S. Patent Office.  This Court rejected Plaintiff's suggestion of a stay.

For its part, Defendants Medela AG and Medela LLC ("Medela"), requested leave to file an early summary judgment motion, not to exceed thirty-five (35) pages.   Medela asserted that the issues of design patent infringement and Plaintiff's trade dress and other claims predicated on likelihood of confusion were currently ripe for dispositive motion.

6

As Medela noted, the construction of the design patent claim is a question of law for this Court. Properly construed, the design patent claims an opaque object, and no jury could reasonably find that the accused transparent silicone breastmilk collectors are the "same" as the patented design under the standard applicable to design patent infringement.[1]

Similarly, Plaintiff's current commercial product upon which it has premised its trade dress infringement claims and other claims that depend upon a finding of confusion (*i.e.* Version 2 of its Generation 2 Haakaa pump) is readily distinguishable from the Medela's accused product. No jury could reasonably find that the accused products would likely be confused with one another.

During the January 4th hearing, the Court directed the parties to meet and confer with respect to Medela's request. The Court directed the parties to discuss what discovery, if any, Think Green deemed necessary to respond to Medela's proposed motions. The Court requested that the parties submit a report on January 18, 2022, describing their respective positions concerning that suggested discovery. The Court advised that it would review the parties' submission and resolve any disputes concerning whether the requested discovery were necessary before it could consider dispositive motions.

As directed, the parties met and conferred regarding the discovery that Think Green believed necessary before this Court could address Medela's proposed dispositive motions. In

---

[1] Think Green cites several cases it contends establish that opacity cannot ever be deemed a claim limitation. None of those cases, however, involve design claims which clearly depict an opaque object, such as those recited here. In any event, the question of claim construction is a legal one for this Court. *See, e.g., Weber-Stephen Prods. LLC v. Sears Holdings Corp.*, No. 13-CV-1686, 2014 WL 5333364 at *9 (N.D. Ill. Oct. 20, 2014) ("Claim construction asks a court to determine, from the perspective of a person of ordinary skill, what precisely a patent has put the public on notice of—that is, how the claimed language or, in this case, drawings framed 'the scope of the patentee's right to exclude.'") Think Green does not identify any fact discovery relevant to this determination, and nothing prevents this Court from resolving disputes, if any remain, concerning the proper construction of the design claim in the context of a motion for summary judgment.

that meet and confer, Think Green categorically objected to early dispositive motions, and

expressed its view that full case discovery must be completed before this Court could entertain

summary judgment motions. However, when pressed, to articulate precisely what discovery it

deemed necessary to respond to Medela's proposed motion, Think Green identified the

following:

- Medela's electronically stored information (ESI) relating to "Haakaa" derived from searches of emails, and company-run communication platforms like Teams, Slack or the like.

- Supplementation of existing discovery responses taking into account Medela's return to the commercial marketplace (financials, communications from consumers related to confusion).

- Raw data relating to surveys conducted by Medela's Mr. Faltum that were introduced in evidence during the preliminary injunction hearing.

- Expert discovery that includes a consumer survey contemplated by Think Green.

As a first matter, the discovery outlined above concerning Think Green's commercial

product is irrelevant to the question of design patent infringement. Think Green has not

identified any fact discovery bearing upon the Court's claim construction, nor any discovery that

would be relevant to whether the claimed opaque object was "the same" as the accused

transparent product.

At minimum, Think Green's design patent claim (Count I) is ripe for summary judgment.

Disposing of this claim would result in substantial savings to the parties and to this Court. The

invalidity defenses to Think Green's design patent claims have already necessitated costly and

difficult discovery in China of relevant prior art. It can been anticipated that further investigation

in this foreign venue will be undertaken. Such discovery is unique to Think Green's design

patent claims. It is not discovery that is relevant to Think Green's remaining trade dress and

related claims. A decision that the accused products do not infringe, however, would entirely eliminate the need for such discovery.

Nor does Think Green's proposed discovery regarding alleged confusion concerning its commercial product require that summary judgment on its trade dress and related claims await completion of all discovery in this matter.[2] Think Green suggests that internal Medela documents mentioning "Haakaa" will supply the evidence necessary to establish that Think Green's product has actually been confused with the accused product. As the recent preliminary injunction hearing made clear, there is no evidence to date of such confusion in internal Medela documents or otherwise. Think Green's improbable "hail Mary" assertion that these internal Medela documents will evidence the confusion that Think Green has thus far failed to find is no reason to demand that Medela be forced to endure years of litigation before this matter can be brought to a close. Even assuming that summary judgment should await further production of Medela documents, this production need not delay filing of a dispositive motion. Supplemental production, consistent with Rule 26 and this Court' ESI Orders, could presumably be produced sufficiently in advance of Think Green's opposition to that motion. Indeed, this Court could simply direct that Think Green's opposition be filed a fixed number of days after that production is completed.

Nor should Think Green's announcement that it intends to retain an expert and conduct a survey delay a determination that the stark differences in appearance between Think Green's and Medals' products prevent any likelihood of confusion. Think Green has previously retained an

---

[2] Think Green appears to suggest that Counts III-V would remain unresolved were this Court conclude that confusion between the products was unlikely. This is incorrect. These counts asserting causes of action such a unjust enrichment and state statutory deceptive trade practices also depend upon finding likely confusion.

expert with respect to likelihood of confusion and, as preparations for the recent preliminary

injunction hearing made clear, a survey regarding the likelihood of confusion is capable of being

conducted relatively quickly.  Again, Think Green would have ample time following Medela's

filing to secure such evidence so as to respond to Medela's proposed motion.

Medela requests that it be permitted to file a combined memorandum in support of that motion

not to exceed thirty-five (35) pages and proposes the following discovery plan related to

addressing that motion:

| Due Date | Description |
| --- | --- |
| 2/15/2022 | Medela file motion for summary judgment. |
| 03/15/2022 | Think Green produce survey on trade dress infringement, serve expert declarations and file opposition to Medela's motion. |
| 04/05/2022 | Medela complete depositions, if any, of Think Green's experts and file Reply in support of its motion. |
| TBD | Hearing on summary judgment |

Medela's proposed discovery plan provides a reasonable time period for Think Green to

provide a trade dress survey and serve expert declarations, which Think Green's counsel indicated

it needs to respond to Medela's motion for summary judgment. (See the parties' prior status report,

Dkt. 99, for Medela's description of its anticipated motion for summary judgment.) Think Green's

proposal to set a schedule for full case discovery, based on the Local Patent Rules schedule, is not

reasonable because it does not address what Think Green believes it needs to respond to Medela's

proposed motion for summary judgment, and fails to account for the considerable discovery and

testimony that has already taken place in connection with Think Green's motion for a preliminary

injunction. *See, e.g., Colby v. J.C. Penney Co.*, 128 F.R.D. 247, 249 (N.D. Ill. 1989) (denying

plaintiff's request for additional discovery prior to ruling on motion for summary judgment, stating

that "[t]he court need not grant a continuance if the party seeks discovery solely on issues not necessary to rebut the motion for summary judgment"), *aff'd*, 926 F.2d 645 (7th Cir. 1991); *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014) (district court did not abuse its discretion in denying additional discovery where plaintiffs had identified two discrete areas of discovery necessary to respond to summary judgment motion, and "[n]either of these topics were material to the district court's summary judgment ruling").

## III. THE PARTIES' STATEMENT ON SETTLEMENT DISCUSSIONS REQUESTED BY THE COURT

The parties report (as requested by the Court) that they have re-engaged in settlement discussions, and anticipate continuing to talk on that channel in the coming weeks. The parties do not believe at this time the fact of such discussions should impact either side's proposed schedule, or the Court's assessment of them.

Dated: January 18, 2022
Respectfully submitted,

Respectfully submitted,

/s/ *Thomas L. Duston*

/s/*Robert P. Greenspoon*

Jeremy R. Kriegel
Thomas L. Duston
Michael R. Weiner
Katherine Nuehring Su
John Lucas

Robert P. Greenspoon
Michael R. La Porte
333 N. Michigan Avenue, Suite 2700
Chicago, IL 60601
T:  312-551-9500
F: 312-551-9501

**MARSHALL, GERSTEIN & BORUN LLP**
233 S. Wacker Dr., Suite 6300
Chicago, IL 60606
T: 312.474.6300
F: 312.474.0448
E: jkriegel@marshallip.com
E: tduston@marshallip.com
E: mweiner@marshallip.com

Thomas Dunlap (*pro hac vice*)
211 Church St. SE
Leesburg, VA 20175
T: 703-777-3656
F: 703-777-7319

Sarah Kessler (*pro hac vice*)
1870 The Exchange SE #200
Atlanta, GA 30339

11

E: knuehringsu@marshallip.com        T: 404-692-5953
E: jlucas@marshallip.com             F: 703-777-3656

**Counsel for Defendants Medela**    **Attorneys for Plaintiff,**
**AG and Medela LLC**             **Think Green Limited d/b/a Haakaa**